Jason A. Davis - SBN 224250
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Tel 949.310.0817/Fax 949.288.6894
E-Mail: Jason@CalGunLawyers.com

C.D. Michel - S.B.N. 144258
Cmichel@MichelandAssociates.com
Joseph A. Silvoso III - SBN 248502
Jsilvoso@MichelandAssociates.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444

Attorneys for Claimant
Stephen Mitchell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: CV 09-9235 MMM (AGRx) |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| 206 FIREARMS and 41,725 ROUNDS OF AMMUNITION, | DATE:          September 13, 2010 |
| Defendants. | TIME:          10:00 a.m. ROOM:          780 |

## TABLE OF CONTENTS

PAGE

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

I.     COUNT I OF THE COMPLAINT FAILS TO SATISFY
       THE PARTICULARITY REQUIREMENT OF
       18 U.S.C. §924(d)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

II.    THE COUNT I REFERENCES TO "CONVICTED FELONS"
       ARE INSUFFICIENT TO ALLEGE VIOLATION
       OF § 922(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

III.   THE COMPLAINT FAILS TO ALLEGE SPECIFIC
       ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

COUNT I  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

COUNT II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

1

## TABLE OF AUTHORITIES

2

PAGE(S)

3 **FEDERAL CASES**

4 *Beecham v. United States,*

5     511 U.S. 368, 114 S.Ct. 1669, 128 L. Ed. 2d 383 (1994) . . . . . . . . . . . . 11

6 *Edwards v. City of Goldsboro,*

7     178 F.3d 231 (4th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8 *National Rifle Association v. Brady,*

9     914 F.2d 475 (4th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10 *Old Chief v. United States,*

11     519 U.S. 172, 117 S.Ct. 644, 136 L. Ed. 2d 574 (1997) . . . . . . . . . . . . . . 11

12 *Small v. United States,*

13     544 U.S. 385, 125 S.Ct. 1752, 161 L. Ed. 2d 651 (2005) . . . . . . . . . . 10, 11

14 *United States v. $38,000.00 in United States Currency,*

15     816 F.2d 1538 (11th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

16 *United States v. $50,040 in United States Currency,*

17     2007 WL 1176631, *2 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 *United States v. $191,910.00 in U.S. Currency,*

19     16 F.3d 1051(9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

20 *United States v. $8,221,877.16 in United States Currency,*

21     148 F. Supp.2d 427 (D.N.J. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

22 *United States v. 1,922 Assorted Firearms,*

23     330 F. Supp. 635 (E.D. Mo. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

24 *United States v. 2265 One-Gallon Paraffined Tin Cans,*

25     260 F.2d 105 (5th Cir. 958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

26 *United States v. Dahms,*

27     938 F.2d 131 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28

## <u>TABLE OF AUTHORITIES (CONT.)</u>

<u>PAGE(S)</u>

### <u>FEDERAL CASES (CONT.)</u>

*United States v. Eighty-Six Firearms and Twenty-Two Rounds of Ammunition*,

    623 F.2d 643 (10th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Fifty-Two Firearms*,

    362 F. Supp. 2d 1208 (M.D. Fla. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*United States v. Hanley*,

    190 F.3d 1017 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. One Assortment of Seven Firearms*,

    632 F.2d 1276 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. One assortment of 12 Rifles and 21 Handguns*,

    313 F.Supp 641 (N.D. Fla. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Rutgard*,

    116 F.3d 1270 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Simpson*,

    442 F.3d 737 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Valerio*,

    441 F.3d 837 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Yagman*,

    502 F. Supp.2d 1084, 1087, 1089 (C.D. Ca 2007) . . . . . . . . . . . . . . . . . . . 9

MEMORANDUM IN SUPPORT OF MTN TO STRIKE & MTN FOR JUDGMENT ON THE PLEADINGS

1

## TABLE OF AUTHORITIES (CONT.)

2                                                                    PAGE(S)

3

4 **STATUTES**

5  8 U.S.C §1101(a)(26) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

6  18 U.S.C §921(a)(20) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4, 10, 11

7  18 U.S.C §922(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 4, 10, 11, 12, 13

8  18 U.S.C §922(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

9  18 U.S.C §923   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

10  18 U.S.C §923(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

11  18 U.S.C §924(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 4, 14

12  18 U.S.C §924(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5, 12, 13, 14

13  18 U.S.C §924(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5, 13

14  18 U.S.C §924(d)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 4, 6, 8 , 9

15  18 U.S.C. §925   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

16  18 U.S.C §983(a)(4(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

17  21 U.S.C.§802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

18

19 **RULES**

20  Federal Rules of Civil Procedure Rule 12(b) . . . . . . . . . . . . . . . . . . . . . . .   2

21  Federal Rules of Civil Procedure Rule 12(b)(6) • • • • • • • • • • • • • • • • • •   2

22  Federal Rules of Civil Procedure Rule 12(c) • • • • • • • • • • • • • • • •   2, 15

23  Federal Rules of Civil Procedure Rule 12(e) • • • • • • • • • • • • • • •   1, 2

24  Federal Rules of Civil Procedure Rule 12(f) . . . . . . . . . . . . . . . . . .   1, 2

25  Federal Rules of Civil Procedure Rule 12(h)(2) • • • • • • • • • • • • • • • •   2

26

27

28

### <u>TABLE OF AUTHORITIES (CONT.)</u>

<u>PAGE(S)</u>

**<u>RULES (CONT.)</u>**

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture
Actions Rule E(2)(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 2, 15

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture
Actions Rule G(2)(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 15


**<u>LEGISLATIVE MATERIALS</u>**

Firearms Owners Protection Act, P.L. 99-308, 100 Stat. 449 (1986) . . . . . . . . .  5, 6

Gun Control Act, P.L. 90-618, § 102, 82 Stat. 1213 (1968) . . . . . . . . . . . . . . . . .  5

House Report No. 495, 99th Cong., 2d Sess. (1986), reprinted in
1986 U.S. Code Cong. & Admin. News 1327 . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Senate Report 97-476, 97th Cong., 2d Sess. (1982) . . . . . . . . . . . . . . . . . . . . . .  7

Senate Report 98-583, 98th Cong. 2d Sess. (1984) . . . . . . . . . . . . . . . . . . . . . .  6

1   Claimant Stephen Mitchell. (hereinafter "Claimant"), through his counsel,

2   hereby sets forth the following facts, reasons, and authorities in support of this

3   motion to strike and to dismiss the Complaint.

4   **INTRODUCTION**

5   The Complaint seeks to forfeit 206 firearms and 41,725 rounds of ammunition

6   based upon allegations that sixteen of these firearms and an undisclosed amount of

7   this ammunition were allegedly being sold to unqualified persons and/or the subject

8   of record keeping errors. It thus fails to state sufficiently detailed facts with the

9   required particularity to fulfill the applicable pleading requirements and fails to state

10  a proper claim for forfeiture.

11  This motion to dismiss the Complaint is made pursuant to the Supplemental

12  Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Rule G(2)(f)

13  provides: "The complaint must: . . . (f) state sufficiently detailed facts to support a

14  reasonable belief that the government will be able to meet its burden of proof at trial."

15  Moreover, Rule E(2)(a) provides that "the complaint shall state the circumstances from

16  which the claim arises with such particularity that the defendant or claimant will be

17  able, without moving for a more definite statement, to commence an investigation of

18  the facts and to frame a responsive pleading."[1]

19  While the Ninth Circuit has not opined on Rule G(2)(f), it held that Rule

20  E(2)(a) imposes a "pleading-with-particularity requirement" and "abandon[s] notice

21  pleading in forfeiture cases." *United States v. $191,910.00 in U.S. Currency*, 16

22  F.3d 1051, 1068 & n.34 (9th Cir. 1994). The Complaint here fails to meet the

23  standard in either rule and should be stricken pursuant to Rules 12(e) and (f),

24  

25  ───────────────

    [1]  "Application of this standard to civil forfeiture actions has evolved to the

26  standard stated in subdivision (2)(f)." Advisory Committee Notes, Supp. Rule G. Little

    caselaw exists on Rule G because it only became effective at the end of 2006, but it has

27  been held that "the civil forfeiture complaint sufficiency standard is identical under Rules

    G and E(2)(a)." *United States v. $50,040 in United States Currency*, 2007 WL 1176631,

28  *2 (N.D. Cal. 2007).

1    Federal Rules of Civil Procedure.[2]

2         Claimant also moves for judgment on the pleadings pursuant to Rule 12(c),

3    Federal Rules of Civil Procedure. The Complaint fails to state a claim upon which

4    relief may be granted because its allegations do not, as a matter of law, warrant the

5    forfeiture.[3] *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999),

6    explains:

7

8         Rule 12(h)(2) provides that the defense of failure to state a claim upon
          which relief can be granted as set forth in Rule 12(b)(6) may be raised
9         "by motion for judgment on the pleadings, or at the trial on the
          merits." . . . Therefore, as a matter of motions practice, the Defendants'
10        motion should be viewed as a Rule 12(c) motion for judgment on the
          pleadings raising the defense of failure to state a claim upon which
11        relief can be granted.

12   The Complaint seeks to forfeit 206 firearms and 41,725 rounds of ammunition.

13   Allegedly Claimant, a federally-license firearms dealer: made "straw sales" of a

14   small number of other specific firearms and ammunition to a person purported to be

15   a felon; possessed 12 firearms off the license premises at his home; failed to report

16   as recovered 5 firearms that were reported as stolen; and failed to accurately

17

18        [2] *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538,

19   1547n.20 (11 Cir. 1987), explains the interplay between these rules:

20        A claim that the complaint does not state sufficient facts to permit the
          party to frame a responsive pleading [Fed.R.Civ.P. 12(f)] is a valid basis
21        for a motion to strike. Fed.R.Civ.P. 12(e). While under the Federal Rules a
          party wishing to file such a motion does so after making a motion for a
22        more definite statement, *id.*, the standard of particularity for complaints
          filed pursuant to the Supplemental Rules is more stringent than is that of
23        the Federal Rules. See Supplemental Rule E(2) . . . .

24

25        [3] Since both Rule C(6) and 18 U.S.C. § 983(a)(4)(B) require the filing of an

26   answer, a claimant may not file a motion to dismiss under F.R.Civ.P. 12(b) in lieu of an

27   answer. *United States v. $8,221,877.16 in United States Currency*, 148 F. Supp.2d 427,

     433-34 (D. N.J. 2001).

28

1   maintain records for 3 firearms - totaling 16 of the total 206 firearms in dispute.[4]

2   Specifically, Count I of the Complaint generally alleges that the Defendant firearms

3   and ammunition were "intended to be used" in violation of 18 U.S.C. § 922(d),

4   which prohibits transfer of firearm(s) to a list of prohibited persons. Complaint ¶

5   32.  Stripped of generalizations, the Complaint is unclear if the firearm was

6   transferred. Though lacking in any detail, except as discussed below, the Complaint

7   generally alleges the transfer to a felon of firearms and ammunition.[5]  Count II

8   alleges five defendant firearms[6] were the subject of a false statement in that

9   Claimant reported said firearms stolen, in violation of 18 U.S.C. § 924(a)(1)(A).

10  Complaint ¶ 34. Count III alleges that the 12 defendant firearms[7] were involved in

11  a willful violation of 18 U.S.C. §923, in that they were the subjects of unlicensed

12  gunsmithing at Claimant's unlicensed premises (i.e. his residence). (Complaint ¶

13  37.)  Count IV alleges that three defendant firearms[8] were not recorded in the A&D

14  records of Claimant, also in violation of 18 U.S.C. §923.

15      The following demonstrates that the Complaint or portions thereof should be

16  stricken and that judgment on the pleadings should be issued to Defendants and

17  Claimant. First, the Complaint fails to satisfy 18 U.S.C. § 924(d)(2)(c) with regard

18  to the 206 defendant firearms and 41,725 rounds of ammunition, which subjects to

---

[4]  Four of the firearms specifically identified are subject to multiple Counts.

[5]  Complaint ¶ 16.

[6]  *09-ATF-015874, 09-ATF-015875, 09-ATF-015877*, 09-ATF-016007, 09-ATF-016183.  Emphasized defendants are specifically identified as subjects in Counts II and III.

[7]  *09-ATF-015874, 09-ATF-015875, 09-ATF-015877*, 09-ATF-015878, 09-ATF-015879, 09-ATF-015880, 09-ATF-015881, 09-ATF-015882, 09-ATF-015883, 09-ATF-015884, 09-ATF-015885, 09-ATF-015886.  Emphasized defendants are specifically identified as subjects in multiple Counts.

[8]  *09-ATF-015882*, 09-ATF-016192, and 09-ATF-016298.  Emphasized defendant is specifically identified as a subject in Counts III and IV.

1  forfeiture "only those firearms or quantities of ammunition particularly named and

2  individually identified" as involved, used, or intended to be used in *specified*

3  *offenses* and thus, Count I for forfeiture on that basis fails to state a claim.

4      Second, Counts I is insufficient to allege claims because they allege transfers

5  to "convicted felons," a term which does not appear in the list of prohibited

6  categories in 18 U.S.C. § 922(d) and which fails to take account of significant

7  exclusions in §921(a)(20).

8      Third, there is no obligation to report as recovered firearms previously

9  believed to be stolen and reported as such, nor is there an allegation that Claimant

10  knowingly made a false statement as required by 924(a)(1)(A), thus Count II fails

11  to state a claim.

12  **I.    COUNT I OF THE COMPLAINT FAILS TO SATISFY THE**
       **PARTICULARITY REQUIREMENT OF 18 U.S.C. § 924(d)(2)(c)**
13

14  18 U.S.C. § 924(d)(2)(c) provides:

15          Only those firearms or quantities of ammunition
           *particularly named and individually identified as involved*
16          *in or used in any violation* of the provisions of this
           chapter or any rule or regulation issued thereunder, or any
17          other criminal law of the United States *or as intended to*
           *be used in any offense* referred to in paragraph (3) of this
18          subsection, where such intent is demonstrated by clear
           and convincing evidence, shall be subject to seizure,
19          forfeiture, and disposition. (Emphasis added.)

20      Count I alleges that the Defendant firearms and ammunition were "intended

21  to be used" in offenses in § 922(d).  Complaint ¶ 32.  While the Complaint alleges

22  violations related to a handful of other firearms and ammunition, it fails to allege

23  how a single one of the 206 firearms and 41,725 rounds of ammunition sought to

24  be forfeited were intended to be used in the alleged violations of § 922(d), or how

25  they were involved and/or used in a willful violation. Indeed, the Complaint is void

26  of details relating to which, if any, of the seized firearms or how much of the

27  / / /

28  / / /

1   ammunition was involved in any unlawful transfer.[9]

2         Current § 924(d) was enacted as part of the Firearms Owners' Protection Act,

3   P.L. 99-308, 100 Stat. 449, 457-58 (1986) ("FOPA").  FOPA limits firearm and

4   ammunition forfeitures to those "involved in or used in" certain knowing or willful

5   violations, and to those "intended to be used" in specified offenses "where such

6   intent is demonstrated by clear and convincing evidence." 18 U.S.C. § 924(d)(1). It

7   repealed portions of the Gun Control Act of 1968 that authorized a far broader

8   standard of forfeiture.[10]

9         Before FOPA, there was a split in the circuits on the specificity required for

10   forfeitures under the "intended to be used" element. *United States v. One*

11   *Assortment of Seven Firearms*, 632 F.2d 1276, 1278 (5th Cir. 1980), upheld the

12   forfeiture of seven firearms which a clerk sold to a nonresident but which had not

13   actually been transferred yet.  Even so, the intent for those transactions was not

14   transferred to other firearms in inventory:

15       But the statutory provision does contain limiting language. The
16       firearms, to be subject to forfeiture, must be reasonably identified to
    the violation, or in this case, to the sale. By holding that identification
    is a necessary indicator of intent, we give meaning to the words
17       "intended to be used in . . . any violation," while ensuring that portions
    of a firearm dealer's inventory that are unrelated to a given violation
18       are not swept away by enforcement officers.

19   *Id.* at 1279.

20         By contrast, *United States v. Eighty-Six Firearms & Twenty-Two Rounds of*

21   *Ammunition*, 623 F.2d 643 (10th Cir. 1980), took a sweeping view of "intended to

22   be used" which FOPA would disapprove.  In that case, a dealer unlawfully sold

23   _____

24      [9]  Specific reference is made to the unlawful sales of a Hi-Point Model C9 9mm
pistol, ¶ 19 & 21, but it is unclear if they were actually transferred.  No specific reference
25   is made to the sale of defendant ammunition in the Complaint.

26      [10]  The repealed provision stated: "Any firearm or ammunition involved in or used
or intended to be used in, any violation of the provisions of this chapter or any rule or
27   regulation promulgated thereunder, or any violation of any other criminal law of the
United States, shall be subject to seizure and forfeiture . . . ." P.L. 90-618, § 102, 82 Stat.
28   1213, 1224 (1968).

1   handguns to undercover agents on two occasions, and discussed long gun sales but

2   did not transfer any.  In ordering forfeiture of the entire inventory, the opinion

3   failed to include any statutory analysis of note, but did point out: "The

4   government's burden is to establish its case by a preponderance of the evidence."

5   *Id* at 644. FOPA repudiated this decision in § 924(d)(2)(c) by imposing the

6   particularity requirement and by requiring firearms "intended to be used" in

7   specified offenses to be forfeited only "where such intent is demonstrated by clear

8   and convincing evidence."

9        Senate Report 98-583, 98th Cong., 2d Sess., 24 (1984),[11] explained the

10  FOPA revisions as intending to preclude forfeiture of entire inventories as follows:

11       During its hearings the Committee has received considerable evidence
         of misuse of existing, overly broad powers to confiscate and forfeit
12       firearms. . . . For instance, in cases where a collector or dealer was
         alleged to have sold a small number of firearms improperly - often
13       without illicit intent - enforcing agents confiscated entire collections
         or inventories.
14

15       FOPA addressed the above by requiring the knowing and willful standards

16  for violations, the requirement of clear and convincing evidence for the "intended

17  to be used" element, and the following:

18       Finally, under proposed 18 U.S.C. 924(d)(2)(c), only those firearms
         particularly and individually identified as used, involved in or, in
19       certain cases, intended to be used in a violation of Chapter 44,
         regulations issued thereunder, or any other Federal criminal law, may
20       be seized or forfeited. This is intended both to prevent the issuance of
         general warrants, leaving it to the executing agents to decide which
21       firearms meet the general criteria of use or involvement, and also to
         prevent wholesale forfeiture of collections or inventories upon a claim
22       of general intent to use them illegally. These are protections designed
         to safeguard Fourth Amendment rights.[12]
23

24

25       [11]  "There was no Senate Report on Pub.L. No. 99-308. S.Rep. No. 98-583
     accompanied S. 914, the substantially similar predecessor to S. 49, the Senate bill which
26   was the basis for Pub.L. No. 99-308." *National Rifle Ass'n v. Brady*, 914 F.2d 475, 477
     n.1 (4th Cir. 1990).

27       [12]  House Report No. 495, 99th Cong., 2d Sess. 13 (1986), reprinted in 1986 U.S.
28   Code Cong. & Admin. News 1327, 1339, argued that the provision was stricter than the
     Fourth Amendment:

1   *Id*. at 25-26.

2        Senate Report 97-476, 97th Cong., 2d Sess., 23 (1982), added that the above

3   protections "are measures which the judiciary has begun to accept as necessary;

4   they are appropriate for recognition by our constitutional system. See generally

5   *United States v. 1,992 Assorted Firearms*, supra . . . ."

6        *United States v. 1,922 Assorted Firearms*, 330 F. Supp. 635 (E.D. Mo.

7   1971)[13], held: "There is not the slightest evidence that any of the 1,922 firearms or

8   the 229,553 rounds of ammunition sought to be forfeited had ever been used by

9   Orphant [the licensed dealer] or anyone else in violation of law." *Id.* at 637. The

10  government argued that the licensee "intended" to use the firearms in violation of

11  law.  A store clerk, unbeknownst to the owner, made illegal sales.  *Id*. at 638.

12       While the few firearms actually sold were "involved in" a violation of the

13  Act and should be forfeited, "the issue is whether all other guns and ammunition in

14  the dealer's possession should be forfeited on the theory that they were 'intended

15  for use' in violation of law." *Id*. at 639.  A small number of sales to non-residents

16  did not suffice to forfeit the entire inventory: "Although these few sales may well

17  have been unlawful under the statute, we hold that whether considered alone or in

18  conjunction with other violations shown by the evidence such sales do not justify

19  our finding as a fact that Orphant's inventory of guns and ammunition was

20  possessed by him with intent that it be used in violation of law." *Id*. at 640. Even if

21  certain sales violated state law, "such violation does not reasonably lead to the

22  conclusion that Orphant either used or intended to use his entire stock of guns or

---

A potentially significant problem is that the authority to seize and forfeit is
limited only to firearms or quantities of ammunition "particularly named
and individually identified as involved in or used in" specified violations
of law. . . . This is narrower than interpretations of the Fourth Amendment
requirement that a warrant "particularly" described the place to be
searched and the persons or things to be seized . . . .

[13] The Senate report wrongfully cites 1,922 as 1,992.

1    ammunition in violation" of state law. *Id*. at 641.

2         An entire inventory could be forfeited if an *unlicensed* dealer displayed them

3    all for sale, since they were all intended to be used in violation of the Act.  *Id*. at

4    642, *citing United States v. One Assortment of 12 Rifles and 21 Handguns*, 313 F.

5    Supp. 641 (N.D. Fla. 1970).  (Emphasis added.)  None of the seized firearms,

6    however, were used or intended to be used in violation of law. *Id*.

7         *1,922 Assorted Firearms* noted the underlying rule that "where the forfeiture

8    claimed is not of fungibles but of chattels, each having a separate identity, mere

9    proof of an intention to sell some of the chattels for illegal purposes may not be

10   imputed to others of the chattels as to which no clear intention to so sell and use

11   them is shown." *Id*., *citing United States v. 2265 One-Gallon Paraffined Tin Cans*,

12   260 F.2d 105 (5th Cir. 1958).[14]  This is the rule FOPA enacted in § 924(d)(2)(c).

13        Applying FOPA, *United States v. Fifty-Two Firearms*, 362 F. Supp.2d 1308

14   (M.D. Fla. 2005), held that the complaint failed to show probable cause to forfeit

15   an entire inventory on the basis that the dealer sold a specific type of shotgun to a

16   felon, as "there is insufficient cause to believe that Holt also intended to sell some

17   or all of the 52 guns to a convicted felon." *Id.* at 1313-14.  However, the dealer was

18   unlicensed, and the firearms were subject to forfeiture because they were intended

19   to be sold while engaged in the firearms business without a license. *Id*. at 1315.

20        The government's forfeiture claim is based on the premise that a handful of

21   transfers somehow implies that the entire inventory was tainted though

22   involvement in a wholly unlawful business. By analogy, *United States v. Rutgard*,

23

24        [14]  With chattels, "each having a separate identity, there is in law no such
25   commingling of the whole as that the proof of illegal intention as to part of the goods
     taints others as to which no such intention is shown." *One-Gallon Paraffined Tin Cans*,
26   260 F.2d at 107. Where "the whole stock could be sold and used for legitimate purposes
     but that a considerable portion of it was so sold and used, it cannot, we think, be held that
27   the mere proof of an intention to sell some of the chattels for illegal purposes could be
28   imputed to others of the chattels as to which the clear intention to so sell and use them is
     not shown." *Id.*

116 F.3d 1270 (9th Cir. 1997), held that some instances of fraud by an eye doctor did not taint all of the proceeds of the medical practice for purposes of the money-laundering statute. "To prove its case here the government had the burden of showing that there were no medically necessary, properly billed surgeries."[15]  *Id.* at 1290. See *United States v. Yagman*, 502 F. Supp.2d 1084, 1087, 1089 (C.D. Ca. 2007) ("the government must trace each of the alleged monetary transactions to criminally-derived proceeds;" presumption of taint held to be "mere speculation").[16]

Here, the Complaint fails to allege with any specificity that every firearm and every round of ammunition sought to be forfeited, or that any of them, was held for unlawful purposes and not for lawful sales.  Instead, the Complaint alleges a tiny number of unlawful firearm transfers not involving the enormous inventory it seeks to forfeit.

None of the counts in the Complaint measure up to the above standards. Contrary to the particularly requirements of § 924(d)(2)(C), the Complaint alleges no nexus between the unlawful transactions - specific instances of which were negligible - and the 206[17]  firearms and 41,725 rounds of ammunition[18] sought to be forfeited. Accordingly, the First Count fails to state a claim on which relief can be granted and should be stricken and the property returned.

/ / /

---

[15] "The actually-proved instances of fraudulent pretense of medical necessity for cataract surgery are a tiny fraction of a practice that did thousands of cataract surgeries." *Id.* at 1289.

[16] Cf. *United States v. Hanley*, 190 F.3d 1017, 1026 (9th Cir. 1999) (allowing conviction if the business "in its entirety was a fraudulent enterprise").

[17] Count I is the only count that seeks forfeiture of 190 of the total 206 firearms.

[18] Count I is the only count that seeks forfeiture of the 41,725 rounds of ammunition.

## II.   THE COUNT I REFERENCES TO "CONVICTED FELONS" ARE INSUFFICIENT TO ALLEGE VIOLATION OF § 922(d)

Count I of the Complaint is replete with references to the term "convicted felon." ¶¶ 16, 17, 19, and 31.  The term is used to allege that Claimant and his employees knew or had reason to believe that they were selling firearms to prohibited persons in violation of 18 U.S.C. § 922(d) and thus that the entire inventory should be forfeited. Absent a proper legal meaning, the term "convicted felon" must be excised from the Complaint, in which case Counts I is insufficient to allege claims.

The term "felon" does not appear in 18 U.S.C. § 922(d). Instead, among other disabilities, that provision refers to a person who "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . ."[19] That term is defined to exclude numerous categories of persons in § 921(a)(20):

> The term "crime punishable by imprisonment for a term exceeding one year" does not include -
> (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Mere knowledge that a person was convicted of a "felony" does not inform one that § 922(d) applies. Having been "convicted in federal court and sentenced to more than a year's imprisonment . . . would not have shown whether his previous

---

[19]  Congress rejected a bill that would have defined predicate crimes in part as crimes "determined by the laws of the State to be a felony," opting for the enacted version which "avoids potential difficulties arising out of the fact that States may define the term 'felony' differently." *Small v. United States*, 544 U.S. 385, 393, 125 S. Ct. 1752, 161 L. Ed.2d 651 (2005).

1    conviction was for one of the business offenses that do not count, under

2    §921(a)(20)." *Old Chief v. United States*, 519 U.S. 172, 192 n.10, 117 S. Ct. 644,

3    136 L. Ed.2d 574 (1997). Foreign convictions do not count at all. *Small*, 544 U.S.

4    at 394. "The exemption clause does not simply say that a person whose civil rights

5    have been restored is exempted from § 922(g)'s firearms disqualification. It says

6    that the person's conviction shall not be considered a conviction." *Beecham v.*

7    *United States*, 511 U.S. 368, 372, 114 S. Ct. 1669, 128 L. Ed. 2d 383 (1994).[20]

8         *United States v. Fifty-Two Firearms*, 362 F. Supp.2d 1308, 1314 (M.D. Fla.

9    2005), dismissed a forfeiture action in part because it alleged transfers to a

10   "convicted felon" without alleging that it was a disqualifying offense:

11            [T]he amended verified complaint stops short of providing probable
            cause to believe that the informant who bought the firearm had in fact
12            been convicted of a "felony" as Congress has narrowly defined that
            term for forfeiture purposes. The complaint alleges simply that the
13            informant "was a convicted felon." . . . The complaint says nothing
            about the type of felony for which he was convicted, or the manner of
14            conviction. It may be that the informant "was a convicted felon"
            because he was adjudicated guilty on a plea of *nolo contendere* to a
15            charge that he engaged in unfair trade practices, for example - a felony
            conviction that is insufficient for conviction and for forfeiture.

16

17        Moreover, § 922(d) ends with the following language: "This subsection shall

18   not apply with respect to the sale or disposition of a firearm or ammunition to a

19   licensed importer, licensed manufacturer, licensed dealer, or licensed collector who

20   pursuant to subsection (b) of section 925 of this chapter is not precluded from

21   dealing in firearms or ammunition, or to a person who has been granted relief from

22   disabilities pursuant to subsection (c) of section 925 of this chapter." Merely

23

24        [20] E.g., *United States v. Dahms*, 938 F.2d 131, 133 (9th Cir.1991) (a convicted
     person who regains "the rights to vote, to sit on a jury and to hold public office in the
25   state in which he was originally convicted has had his rights substantially restored under §
     921(a)(20)."); *United States v. Simpson*, 442 F.3d 737, 738 (9th Cir. 2006) (defendant
26   who had his civil rights restored under Arizona law was not a prohibited person); *United
     States v. Valerio*, 441 F.3d 837, 839 (9th Cir. 2006) (expunged convictions "disappear for
27   purposes of determining whether subsequent possession of a gun is a federal crime").

28

alleging that a person is a "convicted felon" fails to inform one that a person is prohibited under § 922(d).

In sum, the references to "convicted felon" in Counts I leaves that count inadequate, as a matter of law, as a basis for forfeiture.

## III.   THE COMPLAINT FAILS TO ALLEGE SPECIFIC ELEMENTS

The Counts I and II of the Complaint primarily cite subsection numbers instead of alleging elements. The general subsections cited contain numerous paragraphs defining different forfeiture predicates, but the specific paragraphs intended are not alleged. This is insufficient to allege the elements required for forfeiture.

**COUNT I**. Count I of the Complaint alleges that "the defendant firearms and ammunition were intended to be used by the transferor of the firearm or ammunition . . . in one or more offenses described in 18 U.S.C. § 922(d) and are, therefore, subject to forfeiture pursuant to 18 U.S.C. § 924(d)." Complaint ¶ 32. This allegation is inadequate in that both § 922(d) and § 924(d) contain numerous differing elements which could be the basis of forfeiture and this fails to give adequate notice of which provisions are being alleged.

Court I fails to inform which of the more than nine prohibited categories of § 922(d) is being alleged, or which firearms and ammunition were intended to be used in which offenses.[21]

---

[21]  Section 922(d) provides in part:

It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person -
(1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
(2) is a fugitive from justice;
(3) is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));
(4) has been adjudicated as a mental defective or has been committed to. any mental institution;

Similarly, Count I fails to inform which of the many provisions of 18 U.S.C. § 924(d) is being relied on for the forfeiture, or which firearms and ammunition were intended to be used in which predicates. Section 924(d)(1) provides in part:

> Any firearm or ammunition involved in or used in any *knowing* violation of subsection (a)(4), (a)(6), (f), (g), (h), (I), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(l), or *knowing* violation of section 924, or *willful* violation of any other provision of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, or any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, *where such intent is demonstrated by clear and convincing evidence*, shall be subject to seizure and forfeiture . . . .

(Emphasis added.)

The above is only part of § 924(d), which the Complaint alleges is the basis for forfeiture. In sum, Count I fails to inform specifically which of the many provisions of § 922(d) is being alleged, or to specify which firearms and ammunition were intended to be used in which offenses.

/ / /

/ / /

---

(5) who, being an alien -
(A) is illegally or unlawfully in the United States; or
(B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U. S. C. 1101(a)(26)));
(6) who has been discharged from the Armed Forces under dishonorable conditions;
(7) who, having been a citizen of the United States, has renounced his citizenship;
(8) is subject to a court order that restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child . . . ; or
(9) has been convicted in any court of a misdemeanor crime of domestic violence.

1    **COUNT II.** 18 U.S.C. 923(g) requires each Federal Firearm Licensee

2    ("FFL") to report the theft/loss of a firearm from the licensee's inventory; *though*

3    *an FFL who reports a firearm as missing and later discovers its whereabouts is not*

4    *required to notify the ATF that the firearm(s) have been located.*

5    The Complaint alleges that on "July 6, 2008, the San Bernardino County

6    Sheriff's Department responded to an alarm . . . the firearms business had been

7    broken into and a number of firearms stolen. ¶ 23.  The Complaint further alleges

8    that the "FFL filed a 3310.11 (Federal Firearms Licensee Theft/Loss Report) with

9    ATF" and listed five firearms as stolen, which were not stolen, but were later

10   "recovered by ATF" during the execution of their warrants.  *Id.*  Count II states that

11   Claimant "made a false statement or representation in the records required by the

12   GCA to be maintained by a federal firearms licensee in violation of 18 U.S.C. §

13   924 (a)(1)(A)." ¶ 34.

14   Nothing in Count II alleges facts that Claimant or his employees knowingly

15   made such false statements or representation in the records.  Rather, the Complaint

16   merely provides a conclusory allegation that the five firearms were "involved in a

17   knowing violation of 18 U.S.C. § 924 (a)(1)(A)." ¶ 34.  Further, Count II fails to

18   inform which of the several forfeiture predicates of § 924(d) are being alleged.

19   For the above reasons, Counts I and II fail to state a claim for forfeiture and

20   should be dismissed.

21   / / /

22   / / /

23   / / /

24

25

26

27

28

**CONCLUSION**

The Complaint should be stricken in part for failure to meet the particularity requirements of Rules G(2)(f) and E(2)(a), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  In addition, judgment should issue to defendants on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted with regard to Counts I and II.


Dated: July 7, 2010                                    Respectfully submitted,
                                                       DAVIS & ASSOCIATES


                                                       /s/
                                                       Jason A. Davis
                                                       Jason@CalGunLawyers.com
                                                       Attorneys for Claimant
                                                       Stephen Mitchell

PROOF OF SERVICE

IT IS HEREBY CERTIFIED THAT:

     I, the undersigned, am a citizen of the United States and am at least eighteen years of age.  My business address is 27281 Las Ramblas, Suite 200 Mission Viejo, CA 92691.

     I am not a party to the above-entitled action.  I have caused service of:

**MEMORANDUM IN SUPPORT OF**
**MOTION TO STRIKE AND MOTION FOR JUDGMENT**
**ON THE PLEADINGS**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Steven R Welk
AUSA - Office of US Attorney
Asset Forfeiture Division
312 North Spring Street 14th Floor
Los Angeles, CA 90012
Email:
USACAC.Criminal@usdoj.gov

Steven Dennis Lucas
13554 Chesire St
Victorville CA 92392
**VIA US MAIL**

Pablo Perez
12033 Cottonwood Ave, Apt #4
Hesperia CA 92345
**VIA US MAIL**

Steven Michael Luas
15475 Rodeo Rd
Hesperia CA 92345
**VIA US MAIL**

Phillip Reef
15252 Seneca Rd #282
Victorville CA 92392-2275
**VIA US MAIL**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 7, 2010.

/s/
Jason A. Davis

MEMORANDUM IN SUPPORT OF MTN TO STRIKE & MTN FOR JUDGMENT ON THE PLEADINGS