1  Jason A. Davis - SBN 224250
   Davis & Associates
2  27281 Las Ramblas, Suite 200
   Mission Viejo, CA 92691
3  Tel 949.310.0817/Fax 949.288.6894
   E-Mail: Jason@CalGunLawyers.com
4
   C.D. Michel - S.B.N. 144258
5  Cmichel@MichelandAssociates.com
   Joseph A. Silvoso III - SBN 248502
6  Jsilvoso@MichelandAssociates.com
   MICHEL & ASSOCIATES, P.C.
7  180 E. Ocean Boulevard, Suite 200
   Long Beach, CA 90802
8  Telephone: 562-216-4444

9  Attorneys for Claimant Stephen Mitchell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: CV 09-9235 MMM (AGRx) |
| Plaintiff, | **CLAIMANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE AND MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| 206 FIREARMS and 41,725 ROUNDS OF AMMUNTION, | DATE: September 13, 2010<br>TIME: 10:00 a.m.<br>ROOM: 780 |
| Defendants. | |

Claimant Stephen Mitchell. (hereinafter "Claimant"), through his counsel, hereby responds to Plaintiff's Opposition Motion to Strike and Judgment on the Pleadings.

## Introduction

The Complaint, as to Counts I and II, fails to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.  As such, Claimant Stephen Mitchell requested, through a Motion for Judgment on the Pleadings and Motion to Strike, that this Court dismiss Counts I and II and return said firearms and ammunition to Claimant.  So as to not burden the court with repeated arguments, Claimant incorporates his Memorandum of Points and Authorities in Support of his Motion to Strike and for Judgment on the Pleadings herein in its entirety and will only address those topics raised in Plaintiff's brief and not covered by the Claimant's previous filing.

### 1. Count I of the Complaint is Insufficient to State a Claim.

The Complaint fails to allege facts sufficient to establish a reasonable belief that the Government will be able to prove at trial that all of the defendant firearms and ammunition were  used or intended to be used in violation of 18 U.S.C. §922(d), which generally prohibits the transfer of firearms "to any person knowing or having reasonable cause to believe that the person" is prohibited from possessing firearms.

Plaintiff argues that Claimant's reading of 18 U.S.C §924(d), the seizure provision, "would be to permit dealers like Mitchell to maintain a well-stocked inventory and offer it for sale to prohibited persons knowing that only the firearms actually sold - -  for which Mitchell has already been paid - could be seized by the government. . . . This renders the forfeiture provision meaningless." (Opposition, p. 18.)

/ / /

/ / /

Claimant's construction of 18 U.S.C. §924(d) would not render portions of the statute meaningless, but would preserve the intent behind the Firearm Owners Protection Act to place a higher burden on law enforcement seizures of firearms by reading the statute as a whole, in conjunction with all the related provisions: Specifically, we begin with 18 U.S.C. §923(d)(2)(C), which states:

> Only those firearms or quantities of ammunition particularly named and individually identified as involved in or used in any violation of the provisions of this chapter or any rule or regulation issued thereunder, or any other criminal law of the United States or as intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure, forfeiture, and disposition.[1]

18 U.S.C.§ 924(d)(3)(D) states that the offenses referred to in [18 U.S.C. §924(d)] paragraphs (1) and (2)(C) of this subsection are . . . any "violation of any offense described in section 922 (d) of this title where the firearm or ammunition is intended to be used in such offense by the transferor of such firearm or ammunition"

Plaintiff contends that the "intended to be used in" language expressly permits them to seize, pursuant to §924(d) any and all inventory on the basis that the inventory of a federal firearms dealers could have been sold to the CI-1 by their mere presence in the retail store that is open to the public.

On the contrary, such a reading would merely require law enforcement officers comply with the law and subject firearms and ammunition to seizure for only those items with sufficiently detailed facts to support a reasonable belief that the firearms and ammunition were knowingly "intended to be used" in a sale or

---

[1] The discussion herein does not pertain to firearms that were involved in or used in any violation of §922(d), but rather the remaining inventory of firearms and ammunition present at the retail storefront at the time of Plaintiff's seizure.

3
REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE

other disposition to a prohibited person.

Plaintiff attempts to relate this fact pattern to that of United States v. One Assortment of 89 Firearms, 511 F.Supp. 133 (D.S.C. 1980), by stating that here, as in One Assortment of 89 Firearms, Claimant would have sold any or all of the firearms and ammunition in his inventory to the felon, but cites no facts in the complaint demonstrating clear and convincing evidence. In fact, Plaintiff cites nothing in support of the conclusory statement. As such, and unlike One Assortment of 89 Firearms, which factually describes how the claimant offered all firearms for sale by pointing to the firearms specifically available to the prohibited person, the Complaint is void on facts supporting any "intended use" of the inventory for sale or other disposition to prohibited persons.

Plaintiffs also attempt to distinguish the facts in this matter, with that of United States v. 1,992 Assorted Firearm,s 330 F.Supp. 642 (E.D. Mo. 1971), which held that the Government failed to meet its burden of proof in showing the dealer had any intent to violate the federal firearms laws. Plaintiff claims that the case is distinguishable because, in 1,192 Assorted Firearms, "the illegal sales at issue in that case were made by a clerk without knowledge of the owner." When examining the facts alleged in the Complaint, the same holds true here.

A licensee "violates federal law if the licensee is aware of the false statements on the ATF 4473 or has reason to believe he is disposing of the firearms to a person prohibited from possessing such firearm under federal law." (Complaint 15.) Nothing in the Complaint, however, identifies a single factual allegation in support of Plaintiff's conclusory statement that "Mitchell knew or should have known" that CI was a prohibited person.

Plaintiff's Complaint merely states "Mitchell was in the store for the majority of the straw sales when CI-1 discussed his felony conviction and his prohibited status." (Complaint 17.) The Complaint does not state that CI-1 had applied for and been denied a firearm by and through Lock, Stock, and Barrel. It does not state

that CI-1 discussed his felony conviction or his prohibited status with Mitchell.[2] Nor does it state that Mitchell heard, discussed, intervened in, or otherwise witnessed the conversation in which CI-1 discussed his felony conviction or his prohibited status.

In fact, using four confidential informants, Plaintiffs spent over a year investigating the Claimant (Complaint 14) and devote an entire page of their Complaint to direct quotes and conversation between CI-1, CI-2 and Claimant (Complaint, p. 6), but fail to include a single quote or factual allegation in the Complaint that constitutes an acknowledgment or indication that Mitchell knew or had reason to know that CI-1 was, at the time, a prohibited person.
In fact, the Complaint demonstrates that the firearms were not intended to for illegal sales, but rather were proffered for law abiding transactions to the public. Plaintiff properly described the heavy burden that federal law places on retailers of firearms, which does not include California requirements:

> Because of their nature, firearms are subject to unique and significant regulation. Among other things, FFLs are required to record their acquisition and disposition of every firearm in an acquisition (A&D) record and to maintain the A&D record at their licensed premises. For each firearm taken into inventory, the FFL is required to record the make, model, and serial number of the firearms; the date of acquisition; the name and address (or federal firearms license number) of the person from whom the firearm was acquired; the date on which the firearm was disposed of; and the name and address (or federal firearms license number or Form 4473 transaction number) of the person to whom the dealer transferred the firearm.

---

[2] Though the Complaint does state that CI-1 discussed his or her felony conviction, the Complaint is void of facts as to whom CI-1 discussed the conviction with, and what facts regarding CI-1's prohibited status were discussed.

> In addition to the A&D records, an FFL is required to obtain a completed ATF Form 4473 (also known as a "Firearms Transaction Record") before the FFL can transfer or sell a firearm to any unlicensed person. An FFL may not complete a transfer to an unlicensed person without conducting a background check and recording the information on the Form 4473.

(Complaint 10 & 11.)

Plaintiff admits that Claimant held the proper licenses and was operating a business open to the public at the time of the seizure:

> At the time of the seizure, Mitchell held a federal firearms license as a dealer in firearms other than destructive devices, and did business under the trade name "Lock, Stock & Barrel." His licensed premises were located at 15048 Bear Valley Road, Victorville, California . . . Mitchell's firearm business was open to the public and as part of that business, Mitchell sold firearms both from his own inventory and on consignment for members of the public.

Thus, unlike United States v. One Assortment of 12 Rifles and 21 handguns, 313 F.Supp. 641 (D.C. Fla. 1970) and United States v. Approximately 627 Firearms More or Less, 589 F. Supp. 2d 1129 (S.D. Iowa 2008), for example, situations in which the person is engaged in the business of selling firearms without a license, it cannot be conclusively deduced that all the firearms in inventory were intended for unlawful sales. Rather, each firearm must be examined individually.

**2. Count II of the Complaint is Insufficient to State a Claim.**

Plaintiff did not provide an argument in opposition to Claimant's Motion to Strike and for Judgment on the Pleadings as it relates to the Second Cause of Action.

/ / /

/ / /

## CONCLUSION

The Complaint should be stricken in part for failure to meet the particularity requirements of Rules G(2)(f) and E(2)(a), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In addition, judgment should issue to defendants on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted with regard to Counts I and II.

Dated: August 30, 2010

Respectfully submitted,
MICHEL & ASSOCIATES, P.C.

/s/ C.D. Michel
C.D. Michel
cmichel@michellawyers.com
Attorney for Claimant
Stephen Mitchell

Dated: August 30, 2010

Respectfully submitted,
DAVIS & ASSOCIATES

/s/ Jason A. Davis (as appoved on 8/30/10)
Jason A. Davis
Jason@CalGunLawyers.com
Attorneys for Claimant
Stephen Mitchell

# PROOF OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 27281 Las Ramblas, Suite 200 Mission Viejo, CA 92691.

I am not a party to the above-entitled action. I have caused service of:

**CLAIMANT'S REPLY BRIEF IN SUPPORT OF MOTION TO   STRIKE AND MOTION FOR JUDGMENT ON THE PLEADINGS**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Steven R Welk
AUSA - Office of US Attorney
Asset Forfeiture Division
312 North Spring Street 14th Floor
Los Angeles, CA 90012
Email: USACAC.Criminal@usdoj.gov

Steven Dennis Lucas
13554 Chesire St
Victorville CA 92392
**VIA US MAIL**

Pablo Perez
12033 Cottonwood Ave, Apt #4
Hesperia CA 92345
**VIA US MAIL**

Steven Michael Luas
15475 Rodeo Rd
Hesperia CA 92345
**VIA US MAIL**

Phillip Reef
15252 Seneca Rd #282
Victorville CA 92392-2275
**VIA US MAIL**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2010

                                                  C.D. Michel
                                                  C.D. Michel