UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-09235-MMM(AGRx) | Date | September 13, 2010 |
|---|---|---|---|

| Title | *United States v. 206 Firearms and 41,725 Rounds of Assorted Ammunition* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  Order Denying Claimant's Motion for Judgment on the Pleadings and Motion to Strike

On December 16, 2009, the United States initiated this civil forfeiture action under the Gun Control Act, 18 U.S.C. § 924(d), against the defendant 206 firearms and 41,725 rounds of ammunition. On July 7, 2010, claimant Stephen Mitchell filed a motion for judgment on the pleadings and a motion to strike Counts I and II of the complaint.[1]

**I. FACTUAL BACKGROUND**

This forfeiture action arises out of a Bureau of Alcohol, Tobacco, and Firearms ("ATF") investigation. Mitchell owned and operated Lock, Stock & Barrel, a licensed firearms store in Victorville, California. ATF used undercover agents and confidential informants ("CIs") to

---

[1]At various points, claimant denominates his pleading (1) a motion to dismiss; (2) a motion for judgment on the pleadings; and (3) a motion to strike. (Memorandum in Support of Motion to Strike & Motion for Judgment on the Pleadings at 1-3, Docket No. 34 (July 7, 2010) ("Claimant's Memo.")). As claimant has already filed a responsive pleading, and attacks the sufficiency of the pleading, the construes the pleading as a motion for judgment on the pleadings.

1

investigate whether Mitchell's business was conducting straw sales,[2] selling to prohibited persons, or destroying required paperwork in contravention of various provisions of the Gun Control Act, 18 U.S.C. § 921 *et seq.* ("GCA").

On May 15, 2009, the government executed two search warrants at Mitchell's house and place of business and seized the defendant firearms and ammunition. The government contends that the firearms and ammunition are subject to forfeiture because they were involved in violations of 18 U.S.C. §§ 922, 923, and 924. It alleges that Mitchell was involved in the following activities prohibited by statute: (1) "straw" sales of firearms to persons prohibited from purchasing firearms in violation of § 922(d);[3] (2) false statements or representations in records that licensed sellers must maintain in violation of § 924(a);[4] (3) "performing gunsmithing work away from his licensed premises"[5] in violation of 18 U.S.C. § 923; and (4) record keeping errors, in violation of § 923(g).[6]

The complaint asserts that "[o]n numerous occasions, an employee of Lock, Stock & Barrel sold firearms and ammunition to people [Mitchell] knew, or had reasonable cause to believe, were convicted felons."[7] It alleges that "[o]n several of these occasions, the illegal sales were made with the knowledge and consent of Mitchell."[8] The complaint also asserts that on at least one occasion, "Mitchell personally allowed a straw purchaser to complete [the paperwork] for a CI, who Mitchell knew or had reason to believe was a convicted felon," and that Mitchell communicated "a future willingness to sell the CI more firearms."[9] The complaint includes factual allegations concerning a specific incident that occurred on September 10, 2008, when Mitchell permitted a convicted felon to purchase a firearm.[10] Mitchell denied these allegations in his answer to the complaint.[11] Mitchell also denied the government's allegations that "[d]uring all of the undercover agent and CI purchases,

---

[2]A straw sale occurs when a buyer has a third party make the purchase on his or her behalf.

[3]Complaint, ¶ 16, Docket No. 1 (Dec. 16, 2009).

[4]*Id.*, ¶¶ 23, 33-35.

[5]*Id.*, ¶ 25.

[6]*Id.*, ¶ 40.

[7]*Id.*, ¶ 16.

[8]*Id.*

[9]*Id.*

[10]*Id.*, ¶¶ 19-22.

[11]Answer, ¶ 16, Docket No. 7 (Feb. 11, 2010).

Mitchell was either at the front counter or behind the cubicle type wall," and that "sound travels well throughout the store."[12]

Count I alleges that "the defendant firearms and ammunition were intended to be used by . . . Lock, Stock & Barrel, by and through its officers and employees, in one or more offenses described in 18 U.S.C. § 922(d)."[13]  Count II pleads that "Mitchell made a false statement or representation in the records required by the GCA to be maintained by a federal firearms licensee in violation of 18 U.S.C. § 924(a)(1)(A)," and specifically identifies five of the defendant firearms that the government contends are subject to seizure as a result of that violation.[14]

Claimant now seeks judgment on the pleadings; alternatively, he seeks to have the court strike Counts I and II.  Claimant argues that the counts fail to allege a claim on which relief can be granted because (1) Count I fails to satisfy the particularity requirement of 18 U.S.C. § 924(d)(2)(c); (2) Count 1's reference to "convicted felons" is insufficient to allege a violation of § 922(d); and (3) both Counts I and II fail to allege specific elements required for forfeiture.  Fundamentally, Mitchell contends that the government's seizure of 206 firearms and 41,725 rounds of ammunition was improper because only sixteen of the firearms were allegedly sold to unqualified persons or were the subject of record keeping errors.

## II.  DISCUSSION

### A.  Legal Standard Governing Motions for Judgment on the Pleadings in Civil Asset Forfeiture Actions

#### 1.  Standard for Judgment on the Pleadings

Under Rule 12(c) of the Federal Rules of Civil Procedure, any party may move for judgment on the pleadings at any time after the pleadings are closed but within such time as not to delay the trial.  FED.R.CIV.PROC. 12(c).  A motion for judgment on the pleadings is properly granted "when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 528 (9th Cir. 1997); *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996), cert denied, 520 U.S. 1181 (1997).  Thus, the court should render judgment on the pleadings "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  FED.R.CIV.PROC. 12(c); *Enron*, 132 F.3d at 529; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

---

[12]Complaint, ¶ 18; Answer, ¶ 18.

[13]Complaint, ¶ 32.

[14]*Id.*, ¶ 34.

In reviewing a motion under Rule 12(c), the court must assume that the facts alleged by the non-moving party are true, and must construe all inferences drawn from those facts in favor of the non-moving party. *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventists Congregational Church,* 887 F.2d 228, 230 (9th Cir. 1989), cert. denied, 493 U.S. 1079 (1990). When filed brought by the defendant, a motion for judgment on the pleadings is a "means to challenge the sufficiency of the complaint after an answer has been filed." *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1115 (C.D. Cal. 2004).

A motion for judgment on the pleadings is therefore similar to a motion to dismiss. *Id.* (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); see also 2 William W. Schwarzer et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 9:319 at 9-84 (The Rutter Group 2001). In deciding whether the complaint sufficiently states a cause of action, the court's consideration is limited to the factual allegations in the complaint. See *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994). The court need not, however, assume the truth of legal conclusions in the complaint merely because they take the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981).

### 2. Pleading Standards in Civil Forfeiture Action

The pleading requirements for a civil forfeiture complaint are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Supplemental Rule G covers forfeiture actions in rem, and is supplemented by the Federal Rules of Civil Procedure. See FED.R.CIV.PROC.SUPP. G(1) ("This rule governs a forfeiture action in rem arising from a federal statute. To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply"). The Federal Rules of Civil Procedure apply to civil forfeiture actions "except to the extent that they are inconsistent with" the Supplemental Rules. FED.R.CIV.PROC.SUPP. A(2). Thus, "[i]n civil forfeiture proceedings, both the Supplemental Rules, devised for admiralty and in rem proceedings, and the Federal Rules of Civil Procedure govern." *United States v. 216 Kenmore Avenue*, 657 F.Supp.2d 1060, 1065 n. 4 (D. Minn. 2009) (quoting *United States v. $79,321.00 in U.S. Currency*, 522 F.Supp.2d 64, 70 n. 4 (D.D.C. 2007) and citing *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 149 (3d Cir. 2003) ("Parties to civil forfeiture proceedings are the servants of two procedural masters: the Supplemental Rules specially devised for admiralty and in rem proceedings, and the generally applicable Federal Rules of Civil Procedure")).

To prevail in an action under 18 U.S.C. § 924(d), the government must prove by a preponderance of the evidence that the property is subject to forfeiture. See 18 U.S.C. § 983(c)(1) ("In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property . . . the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture"); see also *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1116 (9th Cir. 2004) (noting that the Civil Asset Forfeiture Reform Act raised the government's burden of proof from probable cause to a preponderance of the evidence); *United States*

*v. $80,180.00 in U.S. Currency*, 303 F.3d 1182, 1184 (9th Cir. 2002) ("CAFRA transferred the burden of proof from the claimant to the government and required the government to establish forfeiture by a preponderance of the evidence rather than by the lower probable cause standard").

This standard of proof requires that the government show it is more likely than not that the property is subject to forfeiture. See *United States v. Lawrence*, 189 F.3d 838, 844 (9th Cir. 1999); see also CIVIL MODEL INSTRUCTIONS, NINTH CIRCUIT SECTION 1.13, p. 15. Where the government's theory of forfeiture is that the property was used to commit or to facilitate the commission of a criminal offense, or that it was involved in the commission of a criminal offense, the government must establish that there is a substantial connection between the property and the criminal offense. 18 U.S.C. § 983(c)(3).

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") provides that "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D). Supplemental Rule G(8)(b)(ii) similarly provides that "[i]n an action governed by 18 U.S.C. § 983(a)(3)(D) the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. The sufficiency of the complaint is governed by Rule G(2)." FED.R.CIV.PROC.SUPP. G(8)(b)(ii).

Thus, to survive a motion to dismiss under Rule 12(b)(6), a forfeiture complaint must satisfy Supplemental Rule G(2). Under Rule G(2), the complaint must:

> "(a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonably particularity; (d) if the property is tangible, state its location when any seizure occurred and – if different – its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." FED.R.CIV.PROC.SUPP.R. G(2).

"Rule G(2)(f) codifies the same pleading requirement that has been divined from Rule E(2)(a), except with different language." *United States v. $186,416 in U.S. Currency*, 527 F.Supp.2d 1103, 1119 (C.D. Cal. 2007), rev'd on other grounds, 590 F.3d 942 (9th Cir. 2010). Rule E(2)(a) requires that "the complaint . . . state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." FED.R.CIV.PROC.SUPP. E(2)(a).[15]

---

[15] The Advisory Committee Notes to Supplemental Rule G explain that the standard set forth in Rule G(2)(f) evolved from the standard recited in Rule E(2)(a). See FED.R.CIV.PROC. SUPP. G, 2006 Advisory Committee Notes, Subdivision (2) (citing *United States v. Mondragon*, 313 F.3d 862

"In assessing whether Plaintiff has met [its] burden" of stating sufficiently detailed facts to support a reasonable belief that it will be able to meet its burden at trial under Rule G(2)(f), "the Court looks to the totality of the circumstances." *$97,667.00 in U.S. Currency*, 538 F.Supp.2d at 1253 (citing *United States v. Currency, U.S. $42,500.00*, 283 F.3d 977, 979-80 (9th Cir. 2002)).

Supplemental Rule E(2)(a) is satisfied when a complaint "describes the properties to be seized and explains in detail the alleged scheme of which [defendants] are believed to be a part." *United States v. 8 Gilcrease Lane*, 656 F.Supp.2d 87, 90 (D.D.C. 2009). The pleading must set forth "the legal grounds supporting forfeiture and provid[e], in detail, the circumstances surrounding the seizure of the defendant currency, including the date, location, name of the courier, and admissions [claimant] allegedly made about the funds to government officials." *United States v. $79,321 in U.S. Currency*, 522 F.Supp.2d 64, 72 (D.D.C. 2007). "It is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation." *United States v. $1,399,313.74 in U.S. Currency*, 591 F.Supp.2d 365, 369 (S.D.N.Y. 2008).

### B.     Whether Claimant Is Entitled to Judgment on Plaintiff's First and Second Counts

In his motion, claimant advances four bases for dismissal: (1) Count I "fails to satisfy the particularity requirement of 18 U.S.C. § 924(d)(2)(c)" and "fails to state a claim on which relief can be granted"; (2) references to "convicted felons" in Count I are insufficient to allege a violation of § 922(d); (3) Count I fails to state which of the categories of prohibited persons under § 922(d) the sales involved; and (4) Count II fails to allege facts showing that Mitchell or his employees knowingly made false statements or representations in business records.

---

(4th Cir. 2002)). Interpreting Rule E(2)(a), the *Mondragon* court explained that "the complaint must at bottom allege facts sufficient to support a *reasonable belief* that the property is subject to forfeiture." 313 F.3d at 865-66 (emphasis added). Supplemental Rule G(2)(f) was intended to codify this standard. See *United States v. $97,667.00 in U.S. Currency*, 538 F.Supp.2d 1246, 1253 (C.D. Cal. 2007) (emphasis added) (citing Rule G and finding that the "Plaintiff's Complaint must state sufficiently detailed facts to support a reasonable belief that the government will be able to show that the Currency was connected to illegal drug activity"); *$186,416 in U.S. Currency*, 527 F.Supp.2d at 1120 ("*Mondragon*'s standard for Rule E(2)(a) has been incorporated expressly into Rule G(2)(f)"); *216 Kenmore Avenue*, 657 F.Supp.2d at 1067 ("When Supplemental Rule G(2)(f) was adopted in 2006, it was 'intended to incorporate the standard imposed in forfeiture cases by the United States Court of Appeals for the Fourth Circuit in *United States v. Mondragon* . . . ,"quoting *United States v. $15,7400 in U.S. Funds*, No. 5:07-375, 2008 WL 2227511, *1 (M.D. Ga. May 27, 2008)). Given *Mondragon* and the Advisory Committee Notes, the court considers cases construing Rule E(2)(a) relevant in its analysis of Rule G(2)(f).

### 1.     Whether Count I Satisfies the Applicable Pleading Standard

Mitchell argues that "the Complaint fails to allege with any specificity that every firearm and every round of ammunition sought to be forfeited, or that any of them, was held for unlawful purposes and not for lawful sales." As a consequence, he maintains, it fails to satisfy the "particularity requirements of § 924(d)(2)(C)."[16] Section 924(d)(2)(C) states:

> "Only those firearms or quantities of ammunition particularly named and individually identified as involved in or used in any violation of the provisions of this chapter or any rule or regulation issued thereunder, or any other criminal law of the United States or as intended to be used in any offense referred to in paragraph (3) of this subjection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure, forfeiture, and disposition."

The government complied with § 924 for pleading purposes by listing every firearm and round of ammunition that it seized on the ground that it was intended to be used in violating provisions of the GCA.[17] See *8 Gilcrease Lane*, 656 F.Supp.2d at 90 (a complaint must "describe[ ] the properties to be seized. . ."). It also provided sufficient facts to detail "the alleged scheme," *id.*, and why the government contends that Mitchell "intended" to use the entire inventory at Lock, Stock & Barrel in carrying the scheme out. Stated differently, the government pleaded "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its [clear and convincing] burden of proof at trial." FED.R.CIV.PROC.SUPP.R. G(2).

The complaint alleges that in completing a straw purchaser transaction for the benefit of a CI, Mitchell "knew [that] the convicted felon had obtained additional firearms from Lock, Stock & Barrel, and . . . indicated a future willingness to sell the CI more firearms."[18] It asserts that on September 10, 2008, Mitchell helped CI-1, a person whom he allegedly knew or had reason to believe was a convicted felon, purchase a firearm but "completed a store invoice using CI-2's name

---

[16]Claimant's Memo. at 9. Claimant cites the legislative history of the Firearm Owners' Protection Act ("FOPA"), Public Law No. 99-308, 100 Stat. 449, codified at 18 U.S.C. § 921 *et seq.*, in support of his contentions that FOPA imposed a particularity requirement and that firearms "intended to be used" in specified offenses were be forfeited only "where such intent is demonstrated by clear and convincing evidence." (*Id.* at 5-6.) Claimant confuses the legal standard that governs the government's pleading of a forfeiture claim with its burden of proof at trial. In deciding the present motion, the court addresses only whether the complaint supports a reasonable belief that the government can meet its burden of proof for intent.

[17]See Complaint, Exh. A (identifying seized objects by asset ID numbers and descriptions); *id.*, ¶¶ 34-35 (identifying seized objects for violation of § 924(a)(1)(A) by their ID numbers).

[18]*Id.*, ¶ 16.

and information."[19] The complaint alleges that "Mitchell specifically noted that CI-1 had purchased similar firearms,"[20] and expressed a willingness to help CI-1 with the purchase that day because CI-1 would be coming back.[21]

Taking all of the government's allegations as true and drawing all reasonable inferences therefrom, the complaint pleads facts sufficient to support a reasonable belief that the government will be able to meet its burden of proof with respect to Count I at trial. To the extent based on this argument, therefore, claimant's motion for judgment on Count I is denied.

> 2. Whether References to "Convicted Felons" in Count I Are Sufficient to Allege a § 922(d) Violation

Claimant next asserts that "[a]bsent a proper legal meaning, the term 'convicted felon' must be excised from the Complaint, in which case Count[ ] I is insufficient to allege claims."[22] This argument hinges on claimant's view that "[t]he term 'felon' does not appear in 18 U.S.C. § 922(d)" and that "[m]ere knowledge that a person was convicted of a 'felony' does not inform [an individual] that § 922(d) applies."[23] Section 922(d) states, in pertinent part, that "[i]t shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person (1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(d).

In addition to denominating the purchasers "convicted felons," the complaint also designates them persons with "prohibited status" under GCA.[24] It alleges, for example, that "Mitchell was in the store for the majority of the straw sales when CI-1 discussed his felony conviction *and his prohibited status*."[25] Pleading that the defendant firearms and ammunition were sold to "convicted

---

[19]*Id.*, ¶ 19-22.

[20]*Id.*, ¶ 19.

[21]*Id.*, ¶ 22 ("CI-1 stated, 'You're giving us a lot of help.' Mitchell stated, 'Have to. Have to, when you're coming back'").

[22]Claimant's Memo. at 10.

[23]*Id.*

[24]See, e.g., Complaint, ¶ 14 (referencing "firearms that could not lawfully be sold to the purchasers because they were prohibited from receiving or possessing firearms under federal law"); *id.,* ¶ 17 (noting that "CI-1 discussed his felony conviction and his prohibited status").

[25]*Id.*, ¶ 17 (emphasis added).

felons" who were "prohibited" from purchasing such items and that Mitchell knew of the prohibited transactions adequately alleges a § 922(d) violation. Cf. *United States v. Haskins*, 511 F.3d 688, 693-94 (7th Cir. 2007) (concluding that there was sufficient evidence from which the jury could have concluded beyond a reasonable doubt that defendant knew the individual to whom he sold a firearm was a prohibited person because the individual told defendant he had a felony conviction, and because in taped conversations defendant made comments indicating that he knew the individual was ineligible to purchase a gun himself). Compare *United States v. Fifty-Two Firearms*, 362 F.Supp.2d 1308, 1314 (M.D. Fla. 2005) (declining to reconsider its denial of a government petition for issuance of an arrest warrant for firearms, and noting that "the amended verified complaint stops short of providing probable cause to believe that the informant who bought the firearm had in fact been convicted of a 'felony' as Congress has narrowly defined that term for forfeiture purposes. The complaint alleges simply that the informant 'was a convicted felon.' The complaint says nothing about the type of felony for which he was convicted, or the manner of conviction" (record citation omitted)).

Furthermore, judgment on the pleadings would be proper only if the pleadings clearly established that no material issues of fact remained to be resolved and that claimant was entitled to judgment as a matter of law. Here, at least one material issue of fact remains – whether Mitchell had knowledge that the defendant firearms and ammunition were being sold to prohibited persons as defined in § 922(d).

### 3.     Whether Count I Sufficiently Alleges Specific Elements for Forfeiture

Claimant also contends that "both § 922(d) and § 924(d) contain numerous differing elements which could be the basis of forfeiture and [Count I] fails to give adequate notice of which provisions are being alleged."[26] Section 922(d) prohibits selling or disposing of firearms or ammunition to prohibited persons.[27] Section 924(d) addresses the *penalties* that apply for violating

---

[26] Claimant's Memo. at 12.

[27] "It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person (1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; (2) is a fugitive from justice; (3) is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act . . . ; (4) has been adjudicated as a mental defective or has been committed to any mental institution; (5) who, being an alien (A) is illegally or unlawfully in the United States; or (B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa . . . ; (6) who has been charged from the Armed Forces under dishonorable conditions; (7) who, having been a citizen of the United States, has renounced his citizenship; (8) is subject to a court order that restrains such person from harassing, stalking, or threatening an intimate partner . . . ; (9) has been convicted in any court of a misdemeanor crime of violence." 18 U.S.C. § 922(d).

various GCA provisions, including § 922(d). See 18 U.S.C. § 924(d)(1) ("... [A]ny firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture . . ."). Paragraph (3) includes "any offense described in section 922(d) of this title where the firearm or ammunition is intended to be used in such offense by the transferor of such firearm or ammunition . . ." § 924(d)(3)(D). The complaint alleges that the defendant firearms and ammunition were intended to be used by Lock, Stock & Barrel in "one or more offenses described in 18 U.S.C. § 922(d) and are, therefore, subject to forfeiture pursuant to 18 U.S.C. § 924(d)."[28] As can be seen, the complaint specifically references § 924(d) as the provision under which the government seeks forfeiture. To the extent that § 924(d) incorporates § 922(d) as the basis for seizure, the two statutes do not, as claimant contends, contain "numerous differing elements which could be the basis of forfeiture." Rather, the statutes, and the complaint, make clear that the government alleges Mitchell intended to use the defendant firearms and ammunition in connection with one of the offenses listed in § 922(d), e.g., to sell them to a prohibited person in violation of § 922(d)(1).

Mitchell also argues that "Count I fails to [state] which of the more than nine prohibited categories of § 922(d) is being alleged, or which firearms and ammunition were intended to be used in which offenses."[29] It is true that the government's complaint does not specifically allege which of the nine categories under § 922(d) it charges Mitchell with having violated. Instead, it alleges that the defendant firearms and ammunition are subject to forfeiture because Mitchell violated "one or more offenses described in 18 U.S.C. § 922(d)."[30] It supplements this allegation by pleading that Lock, Stock & Barrel sold to "convicted felons," however.[31] The clear inference thus is that the government alleges Mitchell violated § 922(d)(1). The allegations suffice to plead that the defendant firearms and ammunition are subject to forfeiture under § 924(d), as that statute permits seizure and forfeiture following a violation of *any* of the subsections of § 922(d).

### 4. Whether Count II Sufficiently Alleges Specific Elements for Forfeiture

Mitchell also seeks judgment on the pleadings as to Count II, arguing that "[n]othing in Count II alleges facts that Claimant or his employees knowingly made . . . false statements or representations in the records" maintained by Lock, Stock & Barrel in violation of 18 U.S.C.

---

[28]Complaint, ¶ 32.

[29]Claimant's Memo. at 12.

[30]Complaint, ¶ 32.

[31]See *id.*, ¶¶ 14-22.

§ 924(a)(1)(A).[32] The complaint alleges that "[claimant] made a false statement or representation in the records" by "report[ing] the following defendant firearms stolen to ATF: items 09-ATF-015874, 09-ATF-015875, 09-ATF-015877, 09-ATF-016007, and 09-ATF-016183."[33] The complaint asserts that these firearms were, "in fact, not stolen."[34]

In the context of a motion for judgment on the pleadings, the court must accept the allegations in the complaint as true. Allegations that claimant falsely recorded firearms as "stolen" when they were not suffices to plead a knowing violation of § 924(a)(1)(A), which provides a basis for forfeiture under § 924(d)(1). Furthermore, as noted, a motion for judgment on the pleadings cannot be granted where material issues of fact remain to be resolved. Whether the firearms were stolen and whether they were reported as stolen are issues of fact that the court cannot resolve on the face of the pleadings. Accordingly, Mitchell's motion for judgment on Count II is denied.

### C.  Legal Standard Governing Motions To Strike Pursuant To Rule 12(f)

Rule 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[35] FED.R.CIV.PROC. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. . . . 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citing 5A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1382, pp. 706-07, 711 (1990)), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Motions to strike are generally disfavored. See *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). The party moving to strike has the burden of showing that material

---

[32] Claimant's Memo. at 14.

[33] Complaint, ¶ 34.

[34] *Id.*, ¶ 23.

[35] Claimant seeks an order striking Counts I and II under Rule 12(e) and Rule 12(f) of the Federal Rules of Civil Procedure. (Notice of Motion and Motion to Strike and Motion for Judgment on the Pleadings, Docket No. 33 (July 7, 2010).) Rule 12(e), which concerns motions for more definite statement, requires that such motion "be made before filing a responsive pleading." It states that if such an order is entered, and "is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Claimant has already filed a responsive pleading and the court has not ordered a more definite statement. The motion to strike under Rule 12(e) is therefore denied.

in a pleading is immaterial or impertinent. See *All America Ins. Co. v. Broeren Russo Constr., Inc.*, 112 F.Supp.2d 723, 729 (C.D. Ill. 2000). In deciding a Rule 12(f) motion, the court views the pleadings in the light most favorable to the non-moving party. See *In re 2TheMart.com Secs. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000). If there is any doubt as to whether an allegation might be at issue in the action, the motion must be denied. See *id*.

### D.    Whether Counts I and II Should Be Stricken

Claimant argues that Counts I and II should be stricken because they fail to state claims upon which relief can be granted and because they fail to allege the necessary elements of a forfeiture claim. For the reasons stated above, the court concludes that Counts I and II allege sufficient facts to state claims for relief. Counts I and II do not assert defenses" or "redundant, immaterial, impertinent, or scandalous matter." Consequently, the court denies Mitchell's motion to strike Counts I and II under Rule 12(f). See *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, Civil Action No. H-09-2582, 2010 WL 2219179, *5 S.D. Tex. May 28, 2010) ("A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted"); *Boyko v. American Intern. Group, Inc.*, Civil No. 08-2214 (RBK/JS), 2009 WL 5194431, *7 (D.N.J. Dec. 23, 2009) ("What CCS is effectively asking the Court to do is strike an entire count of Plaintiff's Amended Complaint. Since this is not appropriately done under Rule 12(f), the pending Motion will be treated as a motion to dismiss for failure to state a claim").

## III. CONCLUSION

For the reasons stated, claimant's motion for judgment on the pleadings and motion to strike are denied.